NOT DESIGNATED FOR PUBLICATION

No. 128,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIDNEY FREEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT A. MARTINEZ, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Sidney-James Freeman*, appellant pro se.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

PER CURIAM: Sidney Freeman appeals from his conviction of operating a vehicle without registration and the district court's imposition of a fine and court costs. He claims (1) the district court did not have personal and subject matter jurisdiction over him, and (2) the State failed to state a claim upon which relief could be granted. Freeman failed to adequately brief the failure to state a claim issue, and this issue is deemed waived or abandoned. After review, we find the district court had both subject matter jurisdiction and personal jurisdiction, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, Kansas Highway Patrol Master Trooper Isaiah Cortes conducted a traffic stop. Cortes cited the driver, Sidney Freeman, for operating a vehicle without registration or with expired tags and displaying a plate that was not assigned. Freeman's license plate displayed a "[p]rivate" tag, and he informed the officer that "he did not need registration to travel on the highways."

Freeman is a sovereign citizen or, in Freeman's words, he is "an enfranchised, private man on land in **Kansas Territory**, for the **Kansas Republic** a neutral party with unalienable rights, reserved, and partially enumerated in the Federal and State Constitutions." Freeman claimed not to be subject to any laws unless he willfully causes harm to a person or property. He is a Kansas resident.

The record is unclear whether Freeman asked for a bench trial or requested a lawyer. At Freeman's bench trial, he tried to record the proceedings, and the district court ordered him to turn off his recorder. The State dismissed the charge of display plate not assigned. Based on Freeman's and Cortes' testimonies, the district court convicted Freeman of driving without registration or with expired tag, ordered court costs of $108, and imposed a $100 fine.

Freeman appealed.

ANALYSIS

As a preliminary matter, the State argues Freeman has not designated a sufficient record on appeal, has not properly cited to the record or to the proper standard of review, and has failed to support his arguments with authority.

We agree with the State. Freeman has not designated an adequate record on appeal. The party alleging an error occurred has the burden of designating a record that establishes the claimed error. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); Supreme Court Rule 6.02(a)(4), (a)(5) (2026 Kan. S. Ct. R. at 36). Without such a record, an appellate court presumes the district court's action was proper. *State v. Valladarez*, 288 Kan. 671, 686, 206 P.3d 879 (2009).

The record on appeal contains one volume. As is typical, this volume contains the written pleadings filed in the case. The record does not contain the bench trial's transcript. The minutes entry states that the district court found Freeman guilty based on his own testimony and Cortes' testimony but does not describe either Freeman's or Cortes' testimony. And, on appeal, Freeman only cites to his filed judicial and administrative notice, notice of right to travel, and affidavit of truth. We have no choice but to presume the district court's actions were proper. See *Valladarez*, 288 Kan. at 686.

On appeal, Freeman makes two arguments. First, he argues the district court lacked both subject matter and personal jurisdiction. Freeman claims there was no crime "involving a man or woman that had a right violated or was damaged due to the direct causation of something [he] allegedly did, or did not do." He also contends the district court lacked personal jurisdiction because there was insufficient service of process. Finally, Freeman asserts the district court lacked jurisdiction because the State did not have standing.

Freeman's second argument is that the State failed to state a claim upon which relief can be granted. He claims the State failed to rebut his negative averments, seemingly because the State did not respond to his "judicial & administrative notice" not to trespass, his notice of rights to travel, or his affidavit of truth.

3

Because Freeman is a pro se litigant, we must liberally construe his arguments. But we cannot bolster arguments that are inadequately briefed. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498-99, 505 P.3d 775 (2022). "Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue." *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Freeman's brief lacks a connection between the authority he cites and the arguments he makes. Freeman makes the conclusory assertion that there was no crime but does not cite any recognizable authority for that assertion. Nor does Freeman cite any authority supporting his claim that service by mail is not proper service of process. Freeman makes a standing argument but does not explain how the State lacked standing. Finally, Freeman cites K.S.A. 60-212(b)(6), the civil defense of failure to state a claim, but he gives no reason for how it applies to his conviction. Because Freeman has failed to support his points with adequate authority, he has abandoned these issues. See *Meggerson*, 312 Kan. at 246.

Because Freeman failed to designate a record establishing error, we presume the district court's actions were proper. See *Valladarez*, 288 Kan. at 686. And, on appeal, Freeman has abandoned his issues because he failed to support his points with any pertinent authority. See *Meggerson*, 312 Kan. at 246. But we do not affirm the district court simply because of these procedural deficiencies; Freeman's legal arguments are also incorrect.

I.    *The District Court Had Personal and Subject Matter Jurisdiction over Freeman*

*Standard of Review*

Whether jurisdiction exists "'is a question of law, subject to unlimited appellate review.'" *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

*Discussion*

Freeman argues that the district court lacked both subject matter and personal jurisdiction because the cause of action was neither civil nor criminal and he is not subject to the laws of the United States. He alleges that there must be a party with standing to sue and the State did not have standing.

The State claims that the district court, as a court of general jurisdiction, had jurisdiction and venue was proper. It also contends the district court had personal jurisdiction over Freeman because he is a Kansas resident.

Under K.S.A. 20-301, district courts "shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." For the district court to have legal authority to issue binding orders, it must have "'both subject matter jurisdiction and personal jurisdiction.'" *State v. Barnes*, 320 Kan. 147, 156, 563 P.3d 1255 (2025). "'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" 320 Kan. at 156. "'[P]ersonal jurisdiction refers to [a court's] power to impose judgment on a particular person'" and, in a criminal case, is obtained "'based on physical presence.'" 320 Kan. at 156.

The district court convicted Freeman of violating K.S.A. 8-142 *First*, which is a crime. See *State v. Zeit*, 39 Kan. App. 2d 364, 365, 180 P.3d 1068 (2008). The district

court had subject matter jurisdiction because it is a court of general jurisdiction and this was a criminal action. See K.S.A. 20-301; K.S.A. 8-142 *First*. And venue was appropriate in Wyandotte County because Freeman committed his traffic violations in Wyandotte County. See K.S.A. 22-2602.

Freeman's claims that he is a sovereign citizen and the district court neither had personal nor subject matter jurisdiction over him are meritless. See *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019) ("[T]he argument that a defendant 'is a free, sovereign citizen and as such not subject to jurisdiction of the federal courts . . . has no conceivable validity in American law.'"); *State v. Knoblauch*, No. 126,896, 2025 WL 3562623, at *2 (Kan. App. 2025) (unpublished opinion) (finding Knoblauch's claims were "based on his subjective view of the law, which is not the law[,]" and his jurisdictional arguments were "'completely without merit [and] patently frivolous'").

In *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985), Matzke argued that the Pottawatomie County District Court lacked jurisdiction in criminal proceedings against him because he was an "'Absolute Natural Person.'" He filed affidavits purporting that he revoked all power "'formerly granted'" to all government agencies, and he contended that the State of Kansas was not a legal entity and could not be a plaintiff in a criminal proceeding. 236 Kan. at 835.

The Supreme Court found that the district court had personal jurisdiction because Matzke was a Kansas resident and was properly served, and that venue was appropriate in Pottawatomie County because that was where Matzke committed the criminal acts. 236 Kan. at 835. The court also found that the district court had subject matter jurisdiction because "Kansas district courts are courts of general jurisdiction, and, under K.S.A. 20-301 and K.S.A. 22-2601, the district court was the proper court in which to initiate [the] criminal action." *Matzke*, 236 Kan. at 835.

Although Freeman alleges that he is "an enfranchised, private man on land in Kansas Territory," Freeman is a resident of Kansas and committed his crime in Kansas. The district court had personal jurisdiction over him.

The district court had both subject matter jurisdiction and personal jurisdiction. Freeman is not entitled to relief based upon this argument.

II.    *Freeman Has Failed to Adequately Brief His Claim that the State Failed to State a Claim*

On appeal, Freeman argues:

> "On/about June 11, 2024, the **Appellant**, Filed a negative averments aka: [***Judicial of Administrative Notice; Notice Right to Travel; & Affidavit of Truth***] which the State failed to rebuttal within 20 days or at the following hearing date On/about June 28, 2024 and the Court set a Bench Trial date for October 2, 2024. Without addressing the Special Appearance to Challenge Jurisdiction by Affidavit. See: **K.S.A. 60-212(b)(6)**[.]"

But Freeman does not explain why K.S.A. 60-212(b)(6) applies to a criminal prosecution, and none of Freeman's filings reference K.S.A. 60-212(b)(6). Issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022).

Under K.S.A. 22-3208(1):

> "Pleadings in criminal proceedings shall be the complaint, information or indictment, . . . and the pleas of not guilty, guilty or . . . nolo contendere. All other pleas, demurrers and motions to quash are abolished and defenses and objections raised before

trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief."

Freeman did not file a motion to dismiss. And he fails to explain how the civil defense of failure to state a claim applies to his criminal case. He is not entitled to relief on this issue.

Freeman did not provide an adequate record on appeal or support his arguments with sufficient legal authority. The district court had both subject matter jurisdiction and personal jurisdiction, and Freeman did not file a motion to dismiss under the rules of criminal procedure. Therefore, we affirm the district court.

Affirmed.